**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA DELORDES ROBLES, a/k/a MARIA L. ROBLES, an individual; WEST H&A LLC, a Delaware limited liability company; DEUTSCHE MELLON NATIONAL ASSET, LLC, a Wyoming limited liability company; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE; and Does 1 through 25,<br><br>Defendants. | Case No. 2:17-cv-08428-ODW(Ex)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [28]** |

## I. INTRODUCTION

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") brings this action against Maria Robles ("Robles"), West H&A, LLC ("West H&A"), and Deutsche Mellon National Asset LLC ("DMNA") (collectively, "Defendants") to prevent Defendants from fraudulently depriving Wells Fargo of its lien against a property in Los Angeles.

Wells Fargo alleges two causes of action pursuant to California Civil Code section 3412: (1) Cancelation of the August 2017 Fraudulent Assignment to West H&A; and (2) Cancelation of the October 2017 Fraudulent Assignment to DMNA. (*See* First Amended Complaint ("FAC"), ECF No. 9.) Defendants have failed to respond to the FAC or otherwise defend in this action. As a result, the Clerk entered default against Robles and DMNA on February 21, 2018 and against West H&A on February 22, 2018. (ECF Nos. 24, 26.) Wells Fargo now moves for entry of default judgment against Defendants. (ECF No. 28.) For the reasons discussed below, the Court **GRANTS** the Motion.[1] (*Id.*)

## II. BACKGROUND

### A. Factual Background

On or about December 22, 2005, Robles took out a $202,700 loan (the "Loan") from World Savings Bank, FSB ("World Savings"). (FAC ¶ 8.) The Loan was for a property located at 1550 W. 55th Street, Los Angeles, CA 90062-2812 (the "Property"). (*Id.* ¶ 6, Ex. 1.) Robles memorialized the Loan by executing and delivering a Promissory note ("Note") to World Savings. (*Id.* ¶ 8.) Robles' performance on the Note was secured by a deed of trust (the "First Deed of Trust"), which was recorded with the Los Angeles County Recorder on December 30, 2005, as instrument no. 05-3230315. (*Id.*, Ex. 1.) The First Deed of Trust was the first deed of trust against the Property. (*Id.* ¶ 8.)

On or about September 24, 2007, Robles took out a $100,000 home equity line of credit (the "ELOC") from World Savings. (*Id.* ¶ 9.) Robles executed and delivered to World Savings a deed of trust (the "Second Deed of Trust") that secured her performance on the ELOC. (*Id.*, Ex. 2.) The Second Deed of Trust was recorded with the Los Angeles County Recorder on October 19, 2007, as instrument no. 20072382425, against the Property. (*Id.*)

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Wells Fargo alleges they are the successor to World Savings. (*Id.* ¶ 10; Decl. of Brenda Lee DeLauter ("DeLauter Decl.") ¶ 2, ECF No. 30.) On October 28, 2016, a notice of default was recorded against the Property as instrument no. 20161334892. (FAC ¶ 11, Ex. 3.) On January 25, 2017, a notice of trustee's sale was recorded against the Property as instrument no. 201799309. (*Id.* ¶ 12, Ex. 4.) Wells Fargo claims the following two assignments of the First and Second Deeds of Trust were fraudulent, and are therefore void *ab initio*:

**1. The August 2017 Fraudulent Assignment to West H&A**

On or about August 22, 2017, West H&A, through employee Michael C. Jackson, executed and recorded a document entitled "Assignment of Deed of Trust" with the Los Angeles County Recorder as instrument no. 20170952348 (the "August 2017 Fraudulent Assignment"). (*Id.* ¶ 13, Ex. 5.) Wells Fargo alleges that this assignment, which purported to assign Wells Fargo's First and/or Second Deed of Trust to West H&A, was false, forged, and fraudulent. (*Id.* ¶¶ 13–14.) Wells Fargo claims that it neither executed nor authorized the August 2017 Fraudulent Assignment, and that West H&A—purportedly on behalf of World Savings Bank and its successors—attempted to deprive Wells Fargo of its lien against the Property. (*Id.*)

**2. The October 2017 Fraudulent Assignment to DMNA**

On or about October 23, 2017, DMNA, through employee Patrick Soria, executed and recorded a document entitled "Assignment of Deed of Trust" with the Los Angeles County Recorder as instrument no. 20171209297 (the "October 2017 Fraudulent Assignment"). (*Id.* ¶ 15, Ex. 6.) Wells Fargo alleges that this assignment, which purported to assign Wells Fargo's First Deed of Trust to DMNA, was false, forged, and fraudulent. (*Id.* ¶¶ 15–16.) Again, Wells Fargo claims that it neither executed nor authorized the October 2017 Fraudulent Assignment, and that it did not sell or assign the Note or First Deed of Trust to DMNA. (*Id.*)

### B. Procedural Background

On December 7, 2017 Wells Fargo filed the operative FAC for two claims pursuant to California Civil Code section 3412: (1) Cancelation of August 2017 Fraudulent Assignment to West H&A; and (2) Cancelation of October 2017 Fraudulent Assignment to DMNA. (*See id*.)

Wells Fargo served the FAC to Defendants DMNA on December 15, 2017, West H&A on December 17, 2017, and Robles on January 8, 2018. (ECF Nos. 16–17, 21.) Defendants failed to plead, respond, or otherwise defend in the present action. (ECF Nos. 24, 26.) As a result, on February 20, 2018 Wells Fargo requested entry of default against each defendant, and the Clerk entered a default against DMNA and Robles on February 21, 2018. (ECF Nos. 23–24.) On February 21, 2018, Wells Fargo again requested that the Clerk enter default against West H&A, and the Clerk entered a default on February 22, 2018. (ECF Nos. 25–26.) Shortly thereafter, Wells Fargo moved for entry of default judgment against Defendants. (ECF No. 28.) That Motion is now before the Court.

## III. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural requirements for default judgment set forth in Federal Rules of Civil Procedure 54(c) and 55(a), as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against whom default was entered; (2) identification of the pleading entering default; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Federal Rule of Civil Procedure 55(b)(2) authorizes district courts discretion to grant default judgment after the Clerk enters default under Rule 55(a). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When moving for a default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the

exception that allegations as to the amount of damages must be proved. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam); *see also* Fed. R. Civ. P. 54(c) ("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

In exercising its discretion, the Court considers the *Eitel* factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

As a preliminary matter, the Court finds that Wells Fargo's claims are properly before this Court via diversity jurisdiction under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, Wells Fargo is a citizen of South Dakota. (FAC ¶ 2.) Robles is a citizen of California. (Decl. of Viddell Lee Heard ("Heard Decl.") ¶ 3, ECF No. 29.) As far as can be determined without Defendants' participation, West H&A is a Delaware LLC whose members are California citizens, and DMNA is a Wyoming LLC whose members are also California citizens. (*Id.* ¶ 6, 8, Exs. C–D, F–G.) Lastly, the notice of trustee's sale record on January 25, 2016 states that the debt of the first-priority loan at issue in this case totaled $158,336.78 as of the date of its publication. (*Id.* ¶ 10, Ex. E.) Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

///

///

### B. Procedural Requirements

Wells Fargo has satisfied the procedural requirements for the entry of a default judgment against Defendants. The Clerk entered a default against Defendants on February 21, 2017 and on February 22, 2017. (ECF Nos. 24–26.) Wells Fargo's counsel has declared that: (1) Defendants are not infants or incompetent persons; (2) Defendants are not covered under the Servicemembers Civil Relief Act; and (3) Defendants were served with the Motion for Default Judgment. (Heard Decl. ¶¶ 4–5, 7, 9; ECF No. 28-1.) Wells Fargo has therefore complied with the Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1.

### C. *Eitel* Factors

The Court concludes that the *Eitel* factors weigh in favor of entering a default judgment. The Court will discuss each factor in turn.

#### 1. Wells Fargo Would Suffer Prejudice

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Defendants have failed to participate in this action, and without a default judgment, Wells Fargo will have no other recourse for recovery and no other method of clearing title to the Property. As such, Wells Fargo will suffer great prejudice if default judgment is not entered. Accordingly, this factor favors entry of default judgment.

#### 2. Wells Fargo Brought Meritorious Claims and Wells Fargo's FAC Was Sufficiently Pleaded

The second and third *Eitel* factors "require that a plaintiff 'state a claim on which [it] may recover.'" *PepsiCo*, 238 F. Supp. 2d at 1175; *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Wells Fargo asserts two claims against Defendants pursuant to California Civil Code section 3412: (1) Cancelation of August 2017 Fraudulent Assignment to West H&A; and (2) Cancelation of October 2017 Fraudulent Assignment to DMNA. (*See* FAC.)

Under Civil Code section 3412, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412; *Cordero v. Bank of Am.*, No. CV 13-02591 DDP MRWX, 2013 WL 4590826, at *2 (C.D. Cal. Aug. 28, 2013). "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh*, 1 Cal. App. 5th 767, 779 (2016); *Lopez v. United Guar. Residential Ins. Co.*, No. 216CV07898CASSKX, 2017 WL 810273, at *4 (C.D. Cal. Feb. 27, 2017). Cancelation of an instrument is essentially a request for rescission of the instrument. *Bank of Am. Nat. Tr. & Sav. Ass'n v. Greenbach*, 98 Cal. App. 2d 220, 228 (1950). "The effect of a decree canceling an instrument is to place the parties where they were before the instrument was made, as if it had never been made." *Deutsche Bank Nat'l Tr. Co. v. Pyle*, 13 Cal. App. 5th 513, 523 (Ct. App. 2017).

Here, the FAC establishes that Robles granted Wells Fargo a lien interest in the Property to secure her repayment of two loans—one in 2005 and the other in 2007. (FAC ¶ 8–9.) Therefore, Wells Fargo sufficiently pleaded its interest in the Property at issue in this case. Next, Wells Fargo alleges that both the August 2017 and October 2017 Fraudulent Assignments are false, forged, and fraudulent. (*Id.* ¶¶ 14, 16.) Wells Fargo contends that Defendants attempted to extinguish Wells Fargo's First and/or Second Deed of Trust, halt Wells Fargo's exercise of its power of sale, and convey the First/and or Second Deed of Trust to West H&A and DMNA for no consideration. (*Id.* ¶¶ 18, 22.) Wells Fargo denies authorizing, executing, assigning, or selling its interest in the Property and provides a declaration from its Vice President of Loan Documentation, Brenda Lee DeLauter, to support this allegation. (*Id.* ¶¶ 14, 16; DeLauter Decl. ¶¶ 8–9.) Plaintiff also presents documentary evidence of each deed of

trust and fraudulent assignments, which further confirms Wells Fargo's allegations regarding Defendants' fraudulent behavior. (FAC, Exs. 1–2, 5–6.)

As a result, Wells Fargo requests that the August 2017 and October 2017 Fraudulent Assignments be declared void and convey no interest in the Property to West H&A or DMNA. (*Id.* ¶¶ 19, 23.) Wells Fargo argues that, absent cancelation of both fraudulent assignments, it will suffer damages because the First and Second Deed of Trust purport to divest Wells Fargo of one or both of its lien interests in the Property. (*Id.* ¶¶ 20, 24.) Moreover, Wells Fargo argues that the fraudulent assignments interfere with its title to the Property and could enable West H&A or DMNA to defraud third parties. (Mot. 5, ECF No. 28.) Therefore, Wells Fargo has proven that both assignments are likely fraudulent and demonstrated a reasonable apprehension of serious injury. *See Nationstar Mortg. LLC v. Patao*, No. SACV 13-1580-AG-JPRX, 2014 WL 12573360, at *2 (C.D. Cal. Dec. 8, 2014) (canceling a written instrument because the plaintiff sufficiently demonstrated that it may cause serious injury and that its conveyance was likely falsified). Accordingly, the Court finds that Wells Fargo has sufficiently pleaded meritorious claims for cancelation of both the August 2017 and October 2017 Fraudulent Assignments.

**3. The Sum of Money at Stake in the Action**

The fourth *Eitel* factor balances the sum of money at stake with the "seriousness of the action." *Lehman Bros. Holdings Inc. v. Bayporte Enters., Inc.*, No. C 11–0961–CW (MEJ), 2011 WL 6141079, at *7 (N.D. Cal. Oct. 7, 2011). The amount at stake must not be disproportionate to the harm alleged. *Id.* Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Wells Fargo seeks equitable relief to prevent Defendants from fraudulently depriving Wells Fargo of its lien against the Property—which, absent a judgment canceling the fraudulent assignments, could prevent Wells Fargo from collecting on

the Loan through foreclosure. (Mot. 6.) While Wells Fargo does not seek monetary compensation, the value on the unpaid funds due and payable on the Loan total more than $150,000. (Heard Decl. ¶ 10, Ex. E.) Therefore, Wells Fargo could be inhibited from collecting on its secured debt. Accordingly, the harm alleged is not disproportionate to the amount at stake, and this factor favors default judgment.

**4. There is No Possibility of Dispute as to Material Facts**

The next *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo*, 238 F. Supp. 2d at 1177. The general rule is that a defaulting party admits the facts alleged in the complaint to be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). As discussed, Wells Fargo has adequately alleged the facts necessary to establish the claims in the FAC, and Defendants have not challenged the validity of Wells Fargo's allegations because Defendants have failed to answer. (*See* ECF Nos. 24, 26.) Defendants' failure to appear in this action, defend their assignments, or, at least, deny that their conduct was fraudulent, supports the conclusion that there is no dispute as to whether the assignments were genuine. Moreover, the facts as pleaded are supported by reliable documentary evidence, such as copies of both the First and Second Deed of Trusts, and copies of each fraudulent assignment. (*See* FAC, Exs. 1–2, 5–6.) Therefore, the Court finds that this factor weighs in favor of default judgment.

**5. Defendants' Default Was Not Due to Excusable Neglect**

There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Wells Fargo served Defendants with the FAC on December 15, 2017, December 18, 2017, and February 12, 2018. (ECF Nos. 16–17, 21.) Wells Fargo served Defendants the present Motion on March 19, 2018. (ECF No. 28-1.) Despite receiving notice of the FAC and the Motion, Defendants have not participated in this litigation in any

meaningful way. Because Defendants have made no showing of excusable neglect, the sixth *Eitel* factor also favors entry of a default judgment.

**6. Decision on the Merits**

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where, as here, Defendants fail to answer the Plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *See PepsiCo*, 238 F. Supp. 2d at 1177. Because Defendants failed to respond to Wells Fargo's FAC, the Court finds that the seventh *Eitel* factor does not preclude entry of a default judgment.

## VI. CONCLUSION

For the reasons stated above, the Court **GRANTS** Wells Fargo's Motion for Entry of Final Default Judgment. (ECF No. 28.) Therefore, the August 2017 Fraudulent Assignment, recorded August 22, 2017 as instrument no. 20170952348, and the October 2017 Fraudulent Assignment, recorded October 23, 2017 as instrument no. 20171209297, are declared **VOID *ab initio*** and **CANCELED**. (*Id.*, Exs. 5–6.) Upon entry of judgment, the Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

April 6, 2018

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**